IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MOORE and FRANK R. FEREZA, JR., individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>       v.<br><br>CONSOL PENNSYLVANIA COAL COMPANY LLC,<br><br>               Defendant. | CASE NO. 2:23-CV-1991<br><br>JURY TRIAL DEMANDED |

## **DECLARATION OF GERALD L. MAATMAN, JR. IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFFS' COUNSEL TO CEASE AND DESIST FROM IMPROPER SOLICITATIONS**

I, Gerald L. Maatman, Jr., declare:

1. I am over the age of eighteen years. I have personal knowledge of the facts set forth herein, and I am competent to testify thereto.

2. I am an attorney and partner at Duane Morris LLP.

3. I represent Defendant CONSOL Pennsylvania Coal Company LLC (Defendant) in the present proceedings.

4. In Plaintiffs' Amended Complaint against Defendant, Plaintiffs seeks to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA") for themselves as well as all others similarly situated to Plaintiffs.

5. On or around November 14, 2023, through discussions with my client, I became aware that counsel for Plaintiffs had mailed solicitations seeking to initiate contact with current and/or former employees of CONSOL PA and its affiliates.

6. The solicitation states:

> Our firm is investigating Consol Energy for potential unpaid overtime compensation claim. Companies with hourly mining employees sometimes do not pay for time spent changing into or out of protective gear and gathering or returning safety equipment and tools that are required. This can result in overtime violations in weeks where 40 or more hours are worked.
>
> If you are or have been employed as a full-time hourly employee for Consol Energy during the last three years, we would like to talk to you to make sure you were paid all the money you earned.

(Exhibit 1.)

7. Recognizing that this is an improper solicitation, on December 8, 2023, I sent counsel for Plaintiffs a letter demanding that they "cease and desist immediately from its solicitations to current and/or former employees [of] CONSOL PA, as well as current and/or former employees of companies affiliated with CONSOL Energy." (Exhibit 2.)

8. I also noted citations and references to authorities, including rules on the unauthorized practice of law, supporting our position that the solicitation was improper and unethical.

9. Counsel for Plaintiffs did not respond substantively to my letter of December 8, 2023, other than emailing that "you need to stop sending these [cease & desist] letters."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2024.

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

2

## **EXHIBIT 1**

ADVERTISING MATERIAL



Nilges Draher LLC

November 8, 2023

**VIA REGULAR U.S. MAIL**

RE: <u>Consol Energy – Investigation Regarding Potential Unpaid Overtime</u>

Dear Steven:

**Why am I writing you?** Our Firm is investigating Consol Energy for potential unpaid overtime compensation claim. Companies with hourly mining employees sometimes do not pay for time spent changing into or out of protective gear and gathering or returning safety equipment and tools that are required. This can result in overtime violations in weeks where 40 or more hours are worked.

If you are or have been employed as a full-time hourly employee for Consol Energy during the last three years, we would like to talk to you to make sure you were paid all the money you earned.

**Who do I call if I have questions?** You can call us at **234.401.9162**. The call will be completely confidential and free of charge.

If you are already represented by counsel regarding this matter, or if you are a management employee, please disregard this mailing.

**How did we obtain your information?** We obtained your information through a business networking site, resume databases, address, and contact information databases, a person search database, or hired independent contractors to perform similar searches to determine that you currently hold or previously held a position with Consol Energy.

Respectfully,

*Shannon M. Draher*

Shannon M. Draher
Attorney

**EXHIBIT 2**

| | | |
|---|---|---|
| NEW YORK | **DuaneMorris®** | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | GERALD L. MAATMAN, JR. | MIAMI |
| SILICON VALLEY | DIRECT DIAL: +1 312 499 6710 | BOCA RATON |
| SAN DIEGO | PERSONAL FAX: +1 312 279 6780 | PITTSBURGH |
| LOS ANGELES | *E-MAIL:* GMaatman@duanemorris.com | NEWARK |
| BOSTON | | LAS VEGAS |
| HOUSTON | *www.duanemorris.com* | CHERRY HILL |
| DALLAS | | LAKE TAHOE |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

December 8, 2023

<u>**VIA E-MAIL**</u>

Hans A. Nilges, Esq.
Shannon M. Draher, Esq.
Nilges Draher LLC
7034 Braucher Street N.W., Suite B
North Canton, OH 44720
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

      Re:    **Solicitation of Employees of CONSOL Pennsylvania Coal Company LLC**

Dear Mr. Nilges and Ms. Draher:

    This law firm represents CONSOL Pennsylvania Coal Company LLC ("CONSOL PA") and CONSOL Energy Inc. ("CONSOL Energy"). It has come to our clients' attention that your law firm has been seeking to initiate contact with current and/or former employees of CONSOL PA, as well as employees of companies affiliated with CONSOL Energy. You have contacted these current and/or former employees through written solicitations. We understand that the written solicitations state, in part:

> Our Firm is investigating Consol Energy for potential unpaid overtime compensation claim.

****

> **How did we obtain your information?** We obtained your information through a business networking site, resume databases, address, and contact information databases, a person search database, or hired independent contractors to perform similar searches to determine that you currently hold or previously held a position with Consol Energy.

The statements in your written solicitations are concerning for multiple reasons.

---

DUANE MORRIS LLP

190 SOUTH LASALLE STREET, SUITE 3700    CHICAGO, IL 60603-3433    PHONE: +1 312 499 6700    FAX: +1 312 499 6701

DuaneMorris

Hans A. Nilges, Esq.
Shannon M. Draher, Esq.
December 8, 2023
Page 2

First, your solicitations amount to a *de facto* notice to potential members of the pending FLSA collective action you have filed against CONSOL PA and CONSOL Energy in the U.S. District Court for Western District of Pennsylvania captioned *Moore v. CONSOL Energy Inc., et. al.*, Case No. 23-CV-01991-WSS. A solicitation like yours "usurps [the district court's] power and statutory duty to oversee the FLSA-mandated process for court-facilitated notice to potential collective action members, including the fair content of such notice." *See Bouder v. Prudential Fin., Inc.*, No. 06-CV-4359, 2007 WL 3396303, at *2 (D.N.J. Nov. 8, 2007). As you well know, courts take umbrage when their authority over notice to potential collective action members is disregarded. As of today, your firm has filed twenty (20) opt-in consent forms with the Court, which manifests your solicitation.

Despite the fact that your written solicitation states that your firm is merely "investigating" potential workplace violations, the temporal proximity between the date of the written solicitation (November 8) and the date of your complaint (November 17) indicates otherwise. Indeed, based on this timing, it appears that your intention to file a collective action was known to you at the time the solicitations were mailed. In situations such as this, *i.e.*, "a concerted effort to circumvent the established notification procedure for opt-in collective actions," courts have stricken consent to join forms filed by opt-in plaintiffs. *See Sandoval v. Serco, Inc.*, Case No. 4:18-CV-01562, 2019 WL 2075910, at *6-7 (E.D. Mo. May 10, 2019) (emphasis added) (granting sanctions motion and striking nearly 300 consents to join).

At this time, no FLSA collective action against CONSOL PA or CONSOL Energy has been certified, and no notice has been approved. Thus, if individuals improperly participate in the pending action on account of these solicitations, or came to file opt-ins based on such solicitations, we will raise these solicitations with the Court, challenge the involvement of individuals identified by means of your solicitations, and seek all available recourse on the grounds noted herein, as well as any other appropriate grounds revealed in discovery.

Second, your improper solicitation of any putative class or collective action representatives calls their adequacy into question and provides grounds to deny certification. *See, e.g., Bodner v. Oreck Direct, LLC*, No. 06-CV-4756, 2007 WL 1223777, at *1, *3 (N.D. Cal. Apr. 25, 2007). Indeed, courts have denied certification for failure to meet the threshold typicality and adequacy requirements where firms went in search of their class representatives for prefabricated lawsuits. *See id.* at *2-3. To the extent that your solicitations resulted in the recruitment of Mr. Moore, CONSOL PA and/or CONSOL Energy will challenge his adequacy and defend any motion for certification of a putative collective action on these and other grounds.

Third, your ad campaign raises ethical concerns. Your solicitations appear to be attempts to round up participants in litigation against CONSOL PA and/or CONSOL Energy for your own pecuniary gain, and extends outside of Ohio into jurisdictions in which you are not authorized to practice law. For example, we have confirmed that at least one Kentucky resident has received

DuaneMorris

Hans A. Nilges, Esq.
Shannon M. Draher, Esq.
December 8, 2023
Page 3

your solicitation. In addition, the statement in your solicitation that you used a "business networking site, resume databases, address, and contact information databases, a person search database, or hired independent contractors to perform similar searches" to target members of the putative class does include any statement that these searches were limited to Ohio residents. As outlined in Comment 4 to Kentucky Supreme Court Rule 3.130(5.5)(b), where an attorney who is not authorized to practice law in Kentucky targets advertising to Kentucky residents and/or "initiat[es] contact with Kentucky residents for solicitation purposes," this can be viewed as conduct in Kentucky that violates the state's prohibition on the unauthorized practice of law.

We demand that your law firm cease and desist immediately from its solicitations to current and/or former employees CONSOL PA, as well as current and/or former employees of companies affiliated with CONSOL Energy, for the reasons outlined above. We also request that you advise us of the names of any persons who have responded to your solicitation.

Please acknowledge receipt of this correspondence and your agreement to the request herein within three (3) business days.

We look forward to your prompt attention and cooperation in this matter.

Very truly yours,

Gerald L. Maatman, Jr.

GLM